AMZIE MOSS ET AL. G. W. SMITH ET AL.

Decided April 30, 1902.

**1.—Homestead—Abandonment—Separate Property.**

Where defendant, having his homestead on land the separate property of his deceased wife, rented it out and bought another tract and removed with his family to it with the intention of making that his home in the future, there was an abandonment of the former homestead, and although he removed back to it a year later, he could no longer assert as against the heirs of the wife the right given him by the constitution to use the property so long as he should elect to occupy it as a homestead. Const., art. 16, sec. 52.

**2.—Same—Surviving Spouse.**

The same rules govern in the case of an abandonment of the homestead by a surviving husband or wife as control in other cases of abandonment of homestead rights.

Error from Gillespie. Tried below before Hon. M. D. Slator.

*Walter Anderson,* for plaintiffs in error.

*Moursund & Moursund,* for defendants in error.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to 100 acres of land in Gillespie County, instituted by Mrs. Amzie Moss, joined by her husband, David Moss, against appellee. The cause was tried by the court and judgment rendered in favor of appellee.

There is no statement of facts, and this court is necessarily confined to the findings of facts for its conclusions of facts.

The land in controversy was the separate property of Lucy R. Smith, the first wife of appellee and the mother of Mrs. Moss. It was paid for with money realized by her from the sale of a tract of land owned by her in her separate right. She died in 1884, leaving surviving her appellee and her daughter Amzie, then a child. In 1886 appellee married his present wife and occupied the land as his homestead until 1887, when he bought a tract of land in Wilson County and moved with his wife and children to

it and made it his homestead. He rented the land in controversy to a brother. The court found that he occupied the Wilson County land as his home "with the avowed purpose of making the same his home in the future." He returned with his family to the land in Gillespie County, after living a year in Wilson County. Mrs. Moss being a minor at the time, married in 1899. The rents appropriated by appellee fully equaled in value improvements made by him.

It is provided in the Constitution, section 52, article 16, that on the death of the husband or wife the homestead shall descend and vest as other property, and shall be governed by the same laws of descent and distribution, but that it shall not be partitioned among the heirs so long as the survivor may elect to use or occupy it as a homestead. Under this constitutional provision, upon the death of Lucy R. Smith her land descended and vested in her daughter subject to the right of the surviving husband to use or occupy the same as a homestead.

The only question, therefore, presented by the record is as to what effect the acquisition of the homestead in Wilson County had upon the homestead right appellee had in the land of his deceased wife. That a new homestead was obtained, and it was secured with the intent and purpose of making it the permanent home of the family, is found by the trial judge, and while he does not in terms find an abandonment of the homestead of his first wife, it was evidently so intended by him, as in his conclusions of law he holds that "the fact that the defendant in 1887 abandoned the said land as his home and acquired a homestead in Wilson County," did not deprive him of his homestead right in the property in controversy.

It is conclusive to us that the same rules as to abandonment would prevail in case of a homestead held by a surviving husband or wife as would prevail in any other case of abandonment of homestead rights. That in other cases the acts of appellee would constitute an abandonment does not admit of a doubt. "It has often been said that the most satisfactory evidence of the abandonment of a place once a homestead is the acquisition of another." Slavin v. Wheeler, 61 Texas, 654; Weaver v. Nugent, 72 Texas, 278.

Appellee's right under the Constitution to a homestead in the land was conditioned on his use or occupancy of it, and the moment he abandoned it he lost his homestead right, and it was no longer protected from the rights of the children. It became the absolute property of Mrs. Moss, subject only to a life estate of appellee in one-third of the same.

There is no basis for the claim that so long as the rights of others had not intervened appellee could resume the homestead rights he had abandoned and defeat thereby the rights of the daughter. He could not abandon the rights given him by law and resume them at his pleasure. Upon the abandonment the rights of the daughter accrued, and no subsequent act of her father could interfere with or prejudice her rights.

There was no prayer for partition, and this court, therefore, has no authority to decree one, but it is the order of this court that the judgment

of the trial court be reversed, and that appellant, Amzie Moss, do have and recover of appellee the land in controversy, subject to his life estate in one-third of the same.

*Reversed and rendered.*

Writ of error refused.