**UNITED NORTH & SOUTH OIL CO. Inc., v. MEREDITH et al.   (No. 646–4134.)**

(Commission of Appeals of Texas, Section A. May 6, 1925.)

**I. Partition ⟨key⟩53—Receiver not ordinarily appointed on application of joint owner to manage lands owned by tenants in common.**

Ordinarily a receiver will not be appointed on application of joint owner, to manage and control land owned by tenants in common, where there is no showing that adverse parties, who are cotenants, are in exclusive possession, or are so conducting themselves as to exclude complaining parties from possession.

**2. Partition ⟨key⟩53—Co-owners of oil in place under land owe each other duty to co-operate in saving it from drainage.**

As respects right to have receiver appointed, since oil in place under land may be lost by being drained by wells drilled on adjoining land, and as co-ownership of such property partakes of nature of partnership, co-owners owe to each other duty to co-operate and save their property from such drainage.

**3. Partition ⟨key⟩53—That owner in common of mineral interest refused to co-operate in preventing its drainage held to justify appointment of receiver.**

Where it was shown that oil in place under land, title to which was in litigation would be drained by wells drilled on adjoining lands, unless immediate steps were taken to preserve and save it by drilling offset wells, and one of co-owners, refused to join in any plan to save it, *held* that court of equity, in which litigation was pending, was warranted in taking charge and appointing receiver, under Rev. St. art. 2128, subd. 1.

**4. Partition ⟨key⟩77(3)—Oil and gas under land may be sold, where impossible to preserve it in any other way.**

If interests of owners in oil and gas under land, title to which is in litigation, can be preserved in no other way, court may order it sold.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by W. P. Meredith and others against the United North & South Oil Company, Incorporated, and others. Order appointing a receiver was affirmed by the Court of Civil Appeals (258 S. W. 550), and the named defendant brings error. Affirmed.

R. B. Ellis, of Lockhart, and White, Wilcox, Graves & Taylor, of Austin, for plaintiff in error.

E. B. Coopwood, Nye H. Clark, C. F. Richards, and M. O. Flowers, all of Lockhart, and Leon Green, of Austin, for defendants in error.

BISHOP, J. On June 24, 1921, Nelson Cosey, Charity Dorn, Anne Kelly, Alice Merriweather, and Jane North executed an oil lease to United North & South Oil Company, Incorporated, on four tracts of land designated by the numbers 1, 2, 3, and 4. Thereafter in September, 1922, claiming that the rights of the oil company under its lease had terminated by reason of its failure to pay annual rentals, Cosey and Dorn executed to Meredith, Coopwood, and Richards another lease on the same land.

Meredith, Coopwood, and Richards thereafter filed suit against the oil company, Merriweather, and Kelly, seeking to cancel the prior lease. All the owners of the land, as well as of royalty interests therein, were made parties to the suit, and partition of the interests of all was sought, as well as cancellation. On trial, judgment was rendered, canceling the lease of the oil company to all of tracts 1 and 2, and to two-thirds of tracts 3 and 4, and holding same valid only as to one-third of tract 3 and 4; same being the interests represented by the one-third undivided interest owned by Merriweather and Kelly in these two tracts. The court, finding that the property was susceptible of partition in kind, ordered partition of the fee, leasehold, and royalty interests and appointed commissioners to partition same. The oil company perfected appeal from this judgment by filing cost bond without supersedeas. None of the other parties prosecuted an appeal.

After the rendition of this judgment, all of the parties interested therein, except the oil company, joined in an application to the court to appoint a receiver. The application asking the appointment of a receiver alleged the rendition of the judgment canceling the lease and ordering a partition of the property, and also alleged that the oil under the land in controversy was being drained and the leasehold and royalty interests were being damaged and injured by producing oil wells on two sides of the property. They further alleged that the other owners of the leasehold interests had made an effort to secure an agreement with the oil company to some plan by which the property might be developed pending the appeal, but that no agreement could be had; that, should a receiver be appointed, arrangements could be made to drill offset wells and save to those interested in the oil rights the oil under the land in controversy, but that, without the appointment of a receiver, the mineral rights in the land could not be developed on account of the appeal prosecuted by the oil company.

The oil company resisted the appointment of a receiver by filing an answer consisting of general demurrer, special exceptions, general denial, and also certain special pleas. On hearing, the court granted the application and appointed a receiver with powers

to arrange for the drilling of wells and extracting from the land the oil, if any, and other powers not necessary here to mention. The oil company prosecuted its appeal to the Court of Civil Appeals, and the order appointing the receiver was affirmed. 258 S. W. 550.

Plaintiff in error insists that the pendency of the suit to cancel its lease and for partition of the mineral estate does not warrant the court in appointing a receiver under subdivision 1 of article 2128 of the Revised Civil Statutes, because there is no showing made that it was doing, or threatening to do, anything which would prevent any of the defendants in error from going upon the land, drilling wells, and thereby saving the oil which would otherwise be drained from under the land. Under the judgment appealed from, the oil company and Meredith, Coopwood, and Richards, were co-owners of the leasehold estate in the oil and gas in place under a portion of this land. The oil company was, on appeal, contending that its prior lease was valid and that it was the sole owner of the leasehold estate.

Article 2128, subd. 1, Rev. Civ. St. provides:

"Receivers may be appointed by any judge of a court of competent jurisdiction in this state, in the following cases:

"(1) In an action by a vendor to vacate a fraudulent purchase of property; or by a creditor to subject any property or fund to his claim; or between partners or others jointly owning or interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

As cotenants, Meredith, Coopwood, and Richards had the right to go upon the land, drill offset wells, and save for themselves and the oil company the oil which otherwise would be lost, if they were financially able and possessed the skill and ability to do so. The production of oil requires considerable financial ability. Not being able to do this, it would be necessary for them to make some arrangement whereby it could be done in order to prevent loss and consequent injury to the oil and gas estate. They made an effort to have the oil company join them in some plan to develop the property and prevent the oil and gas from being drained from under the land, and it refused to join them. The mere fact that the title to the oil was in dispute was an impediment to development. No responsible concern was willing to undertake the task of saving for the owners the oil and gas under this land, for the reason that it was involved in litigation. No arrangement to save the oil and gas could be made until this hazard was removed. The question here presented is whether a court

of equity can intervene to protect the interests of all the owners until the question of ownership can be determined.

[1] Ordinarily, a receiver will not be appointed on the application of a joint owner to manage and control the land owned by tenants in common, where there is no showing that the adverse parties who are cotenants are in exclusive possession, or are so conducting themselves as to exclude from possession the complaining parties. 23 R. C. L. p. 18, § 12. The reason for this rule is that they are in no way impeded from managing and controlling the property. They are at liberty to enter upon, control, and manage same, and are under no obligation to their co-owners, except to account to them for their part of the proceeds derived from such management. Plaintiff in error insists that the rule is applicable here, and, as sustaining its claim, it cites the case of Hermann v. Thomas, 143 S. W. 195, by the Court of Civil Appeals for the First Supreme Judicial District, and quotes the language contained in that opinion as follows:

"The fact that they [the applicants for the appointment of a receiver] do not possess sufficient means to prospect for oil on the land and that defendant, by prosecuting a suit to recover the land under his claim of title, the good faith of which suit is not questioned, has rendered it difficult, if not impossible, for plaintiffs to make a contract with oil drillers to develop said land as an oil field on a rental or royalty basis, gives no cause of action in favor of plaintiffs against the defendant, and therefore does not show them entitled to have a receiver appointed to make contracts for the development of the land. Plaintiffs are in possession of the land, and defendant has not wrongfully done anything which interferes with their use and enjoyment of the property; and they are not entitled to have a receiver appointed to make contracts for developing the land as an oil field, merely because they are unable to develop the land themselves, or to make a contract for such development."

[2] Oil in place under the land, though real property, may be lost by being drained by wells drilled on the land of adjoining owners. For this reason the co-ownership of this character of property partakes of the nature of a partnership, and where loss or serious injury to the property is threatened, the co-owners owe to each other the duty to co-operate in saving their property from loss or injury. Tardy's Smith on Receivers (2d Ed.) vol. 1, p. 402, par. 131.

[3] Where, as in this case, it is shown that the property itself will be lost or materially injured, unless immediate steps are taken to preserve and save it, and that one of the co-owners, by refusing to join in any plan which would save it from loss and injury, is impeding necessary immediate development, a court of equity is warranted in taking charge of the res in dispute, and, by ap-

pointing a receiver, save for the owners the property.

From Tardy's Smith on Receivers (2d Ed.) vol. 2, p. 1502, par. 510, we quote the following:

"In Heinze v. Kleinschmidt the court applied the rule applicable to cases of tenants in common in a partition suit over a mining property, namely, that a receiver will be appointed in such cases (a) where one tenant is in possession and excludes his cotenant from participation in the possession or income; (b) where the tenant in possession is insolvent and refuses to account to his cotenant; (c) where one tenant refuses to join his cotenant in the execution of necessary leases for the property owned in common, or interferes in the collection of rents with the tenants in possession; (d) where the court can see from the showing made that the appointment of a receiver is required in order to properly protect the interests of the parties."

In this case, showing having been made that without a receiver the mineral rights in the land could not be developed on account of the refusal of the oil company to co-operate in development, and its adverse claim, and that, unless a receiver should be appointed, the oil and gas would be entirely, or in a large measure, drained from under the land, the appointment of the receiver by the trial court was warranted.

[4] We also agree with the Court of Civil Appeals in its holding that, if the interests of the owners in the oil and gas under the land can be preserved in no other way, the court would have the power and be warranted in ordering same sold.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.