### STROUD v. GUFFEY et al.   (No. 561.)*

Court of Civil Appeals of Texas.   Waco.   Nov. 17, 1927.

Rehearing Denied Dec. 8, 1927.

1. Tenancy in common ⬳22—Joint owner of oil in place under land may develop and sell oil in case of threatened loss or injury accounting only for net proceeds.

Joint owners of oil in place under land, when loss or injury by draining by well on adjoining lands is threatened, owe each other the duty to co-operate in averting such loss, and in such case one of joint owners may, without consent of others, proceed to develop land and sell oil produced therefrom, accounting to co-owners for share only of net proceeds.

2. Tenancy in common ⬳3—Owners of oil lease bringing in gas well and owner of gas lease are not joint owners and oil lease owners cannot recover expense from owner of gas lease.

Owners of oil lease on land held not joint owners with person owning gas lease thereon, so as to authorize their recovery of expense of drilling well, which produced gas by reason of accidental discovery while drilling for oil.

3. Mines and minerals ⬳51(5)—Willful trespasser, removing oil or other minerals, must account to true owner without deduction for producing and marketing same.

Where a person entering on lands belonging to another and removing oil or minerals therefrom is not acting in good faith in doing so, but is a willful trespasser, he must account to true owner for value of products removed without deduction for costs incurred in producing and marketing same.

4. Mines and minerals ⬳51(1)—Person in good faith beginning production and removal of oil becomes willful trespasser, if continuing after knowledge of facts rendering action wrongful.

A person entering on land of another and in good faith beginning production and removal of

oil therefrom becomes a willful trespasser, if he continues to produce and remove oil after he acquires knowledge of facts which render such action wrongful.

**5. Mines and minerals ⬦81—Owners of oil lease accidentally bringing in gas well and using gas cannot offset against value of gas expense of well.**

Where owners of oil lease, with knowledge of outstanding gas lease on same land, entered land and proceeded to drill for discovery and production of oil, and thereafter began to use gas produced from well by accidental discovery, they were as to such use trespassers and without right to offset against value of gas the cost of producing the same, on theory that production and use thereof was in good faith.

**6. Equity ⬦66—Maxim that one seeking equity must do equity does not create obligation where none exists.**

Maxim that one who seeks equity must do equity does not create an obligation when none exists, and only requires that obligations on part of party seeking such relief existing or arising reciprocally out of the relief sought be discharged.

**7. Mines and minerals ⬦52—Owner of gas lease suing to enjoin use of gas well accidentally brought in by owner of oil lease need not pay for well (Rev. St. 1925, art. 6005).**

Where owner of gas lease brought suit for injunction against use of gas by owner of oil lease accidentally bringing in gas well, he was not obliged to accept and pay for well, since defendants on failing to produce oil had right, under Rev. St. 1925, art. 6005, to abandon well and withdraw casing therefrom.

Appeal from District Court, Limestone County; W. T. Jackson, Judge.

Suit by J. R. Stroud against Ira L. Guffey and others. From the decree, plaintiff appeals, and defendants assign cross-error. Reversed and remanded.

Ira Lawley, of Groesbeck, and Robt. M. Lyles, of Austin, for appellant.

L. W. Shepperd, J. E. & B. L. Bradley, and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellees.

GALLAGHER, C. J. Appellant, J. R. Stroud, owned a valid gas lease on a certain 100-acre tract of land in Limestone county known as the Welch tract. Appellees Ira L. Guffey and De Arman Bros. owned a valid oil lease on the same land. Said oil lease was junior to the gas lease held by appellant. Appellees drilled a well on said tract, which well did not produce oil, but did produce gas in large quantities. Appellant charged that appellees were using and wasting gas from said well and filed suit for temporary and permanent injunction, restraining appellees from taking or using said gas or permitting the same to waste, and in the alternative, if denied an injunction, for the appointment of a receiver to take possession of said well and all equipment used or connected therewith, preserve the same, and sell the gas produced thereby. Appellant's prayer for temporary injunction was granted. Appellees answered, alleging, among other things, that appellant's lease was a mere permit to prospect for gas, and that the same had been abandoned and forfeited and was of no force and effect, and that they had acquired a valid gas lease from the present owner of said tract. They also pleaded their oil lease on said tract of land and alleged that the well involved herein was drilled by them in pursuance of the provisions of their said leases at great expense. Appellees prayed that appellant's lease be declared void; that he be enjoined from further interfering with them in the control of said well, and, in the alternative, that, if the court should be of the opinion that appellant had any right to the gas produced by said well, or any part thereof, the court make an equitable adjustment of the rights of appellant and appellees and provide that such gas should be produced and sold for the benefit of the parties entitled to the same; that the lessor of said land be paid rental; that appellant's rights in said gas be protected; and that appellees be compensated for drilling said well and developing said gas, under such plan as the court might deem right and proper. Appellees subsequently applied for the appointment of a receiver. Their application was granted and a receiver appointed. Said receiver was authorized and directed to take charge of said gas well and sell the gas produced therefrom and hold the proceeds of sale subject to the further orders of the court.

The case was tried to the court. Appellant was denied a permanent injunction and a dissolution of the pending receivership. The court found that appellees expended in drilling said well the sum of $23,134.50; that said sum was the reasonable, proper, and necessary expense of such drilling; and that appellees were justly and equitably entitled to be reimbursed to the extent of one-half of that sum. The court further found that appellees had used gas from said well of the value of $420, and that said amount should be charged against them in reduction of one-half the expense of drilling said well allowed them by the court, leaving a balance due them of $11,147.25, which sum the court ordered paid to them out of the proceeds of the sale of gas from said well by the receiver. The court further directed that, if said well should fail and cease to produce gas before said amount had been paid in full from the proceeds of the sale of gas therefrom, the receiver should salvage and sell the casing and all other equipment of said well and from the proceeds thereof pay to appellees any part of said sum awarded them which might

then remain unpaid. The court further directed that, when the amount so awarded to appellees should be paid in full out of the proceeds of the sale of gas from said well, said well and its casing and all equipment used in connection therewith should thereupon pass and belong in complete title to appellant, Stroud. The receivership was continued to carry out and effectuate the provisions of said decree. Appellant presents said judgment to this court for review by this appeal and appellees seek a revision of same upon cross-assignments of error.

## Opinion.

The situation in which the parties in this case have placed themselves is unusual and direct precedents for the determination of their respective rights are few. The record in this case discloses that usual methods for discovering and producing oil and gas, respectively, are practically identical, and that which of the same, if either, will be found and produced by drilling a particular well, cannot be conclusively determined until the well is completed. When the party drilling a well owns both the oil and gas, if any, under a particular tract of land, he reaps the benefit of his labor and expenditures in drilling if either is found and produced, regardless of which is so found. However improvident their action may have been, the respective parties to this suit have accepted leases from the owners of the land in which the ownership of these products, so closely allied, is severed; the title to all the gas in or under said land being vested in appellant, and to all the oil, if any, being vested in appellees. As against appellees, appellant is shown to be the unconditional owner of the gas in or under said land. Appellees do not contest this proposition, but contend that, since the well so drilled by them has unexpectedly proved to be wholly without value to them, but has proved to be valuable as a producer of appellant's gas, they have an equitable right to have the entire cost of drilling and equipping same made a preference charge upon the production thereof and to have the same operated by a receiver for their benefit until such charge is satisfied therefrom. Appellees base their claim to such relief on three propositions. Their first proposition is, in substance, that their situation is analogous to the situation of a joint owner of land who, without the consent or co-operation of another joint owner, discovers oil on such land and produces and sells the same. Their second proposition is, in substance, that their situation is analogous to the situation of one who in good faith discovers, produces, and sells oil from land which he believed at the time to be his own, but which in fact belonged to another, when called to account to the owner for the oil so produced and sold. Their third proposition is, in substance that,

since appellant by the filing of this suit invoked the aid of a court of equity to restrain them from using or wasting said gas, he is in turn required "to do equity" by allowing them to be fully compensated for all sums expended by drilling and equipping said well out of the sale of gas produced thereby. A determination of these contentions will control the disposition of this appeal and render discussion of the propositions presented by appellant as ground for reversal unnecessary.

[1, 2] The authorities recognize that oil in place under land may be lost by being drained by wells upon the lands of adjoining owners, and that for such reason joint owners of such oil, when such loss or injury is threatened, owe each other the duty to co-operate in averting such loss. United North & South Oil Co. v. Meredith (Tex. Com. App.) 272 S. W. 124, 125. In case of such joint ownership and impending loss, one of such joint owners may, without the consent of the other, proceed to develop the land and sell the oil produced therefrom. If he does so he is allowed to deduct all reasonable and necessary costs incurred in that connection and is required to account to his co-owner for such co-owner's share only of the net proceeds of such sales. Durham v. Scrivener (Tex. Civ. App.) 259 S. W. 606, 614, par. 15, affirmed (Tex. Com. App.) 270 S. W. 161; New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245, 251, pars. 13 and 14. See, also, in this connection, United North & South Oil Co. v. Meredith, supra; Id. (Tex. Civ. App.) 258 S. W. 550, 556, et seq. Appellees cannot invoke the application of this rule or be accorded the benefit thereof because they are not joint owners with appellant of the gas lying in and under said land and being produced through said well. They have no right nor title to such gas or any part thereof and no interest therein to protect. As an original proposition it is wholly immaterial to them whether said gas remains in place in and under said land or is drained away and produced through wells located on adjoining lands. All their supposed rights therein arise out of their accidental discovery thereof in drilling for oil and the fact that the same under its own pressure rises to the surface through the well so drilled by them and may be profitably marketed therefrom. The judgment of the trial court cannot be sustained on the grounds urged by appellees in their first counter proposition.

[3-5] The Supreme Court of this state, in Bender v. Brooks, 103 Tex. 329, 336, 127 S. W. 168, 171, Ann. Cas. 1913A, 559, held that, where a person claiming in good faith to be the owner of a tract of land which in fact belongs to another enters thereon and drills wells and removes the oil produced therefrom, he may, when called to account therefor by the true owner, deduct the cost of producing said oil and placing the same in tanks. The same rule was announced in Right of Way Co. v. Gladys City Oil, Gas & Mfg. Co.,

106 Tex. 94, 103, 104, 157 S. W. 737, 740, 51 L. R. A. (N. S.) 268. Where a party entering upon lands belonging to another and removing oil or other minerals therefrom is not acting in good faith in doing so, but is a willful trespasser, he must account to the true owner for the value of the products removed, without deduction for costs incurred in producing and marketing the same. Kelvin Lumber & Supply Co. v. Copper State Mining Co. (Tex. Civ. App.) 232 S. W. 858, 861, par. 8; Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 531, 532, 59 L. Ed. 856, and authorities there cited; Pittsburg & West Virginia Gas Co. v. Pentress Gas Co., 84 W. Va. 449, 100 S. E. 296, 7 A. L. R. 901, 905, 906, and note p. 922 et seq. In this connection it has been held that a person who enters upon land of another and in good faith begins the production and removal of oil therefrom becomes a willful trespasser, if he continues to produce and remove oil therefrom after he acquires knowledge of the facts which render such action wrongful. Guffey v. Smith, supra. Appellees pleaded that appellant's gas lease was a mere permit and did not vest any title in him to gas in and under said tract of land, and also that said lease had been abandoned and forfeited and was no longer of any force and effect. No such contentions are presented by appellees in this appeal. According to the record presented, they knew or were charged with knowledge of appellant's lease and his rights thereunder, not only when they began to use the gas from said well, but also before they began to drill the same. They had a lawful right as against appellant to enter on said land under their oil lease from the owners and drill said well for the discovery and production of oil. They were not trespassers, willful or otherwise, in doing so. When they began to use the gas produced from such well they were charged with notice that the same belonged to appellant. As to such use they were trespassers upon appellant's rights with knowledge of facts which rendered their action wrongful. They cannot therefore claim the right to offset against the value of the gas actually taken and used by them the cost of producing the same on the grounds stated by them in their second counter proposition.

[6, 7] Appellant being, as against appellees the absolute and unconditional owner of the gas in and under said land, has the right to let the same remain in place so long as he may choose to do so. He also has the right to produce and market the same in his own way and through his own wells and to sell the same at such a time as he may elect and at such prices as he may be willing to accept. He was neither a party to nor in any way responsible for appellees' attempt to discover and produce oil from said land. Appellees had a right in such attempt to drill said well under the privileges granted to them by their lease. Since said well has failed to produce oil, appellees have the further right under the terms of their lease to abandon and fill the same and withdraw the casing therefrom upon complying with the provisions of article 6005 of the Revised Statutes 1925. Casing so withdrawn is shown to have some substantial value. Appellees, therefore, have the right to remove the same from said land, together with any and all other equipment belonging to them. Appellant has neither legal nor equitable right to complain of such action nor to prevent the same. Should appellant attempt to prevent their doing so and to appropriate said well to his own use and benefit, equity will impose upon him an obligation to pay appellees the reasonable value of said well and equipment. No such action on his part is disclosed by the record or even charged by appellees in their pleadings. Appellant applied for an injunction to prevent appellees from converting and wasting his gas, but by doing so he interposed neither objection nor obstacle to their filling and abandoning said well in the manner provided by law. It is true he has invoked the aid of a court of equity to protect his rights and may therefore be required to discharge any obligations owed by him to appellees in that connection. The maxim that one who seeks equity must do equity does not create an obligation when none exists. It only requires that obligations on the part of the party seeking such relief existing at the time, or arising reciprocally out of the relief sought, be discharged. 21 C. J. pp. 177, 178, § 155. It does not require a party invoking the aid of a court of equity to sacrifice his own rights. Id. p. 175, § 152. No obligation on the part of appellant to accept and pay for said well having been shown to exist at the time nor to have arisen out of his application for an injunction to prevent the conversion and waste of his gas, such action did not create such an obligation nor impose such an obligation upon him. Allen v. Palmer, 136 Pa. 556, 20 A. 516, 517; United States v. Midway Northern Oil Co. (D. C.) 232 F. 619, 663, 634, par. 10; 1 Thornton on Oil and Gas, p. 568, § 190; Id. pp. 610, 611, § 216. We are not unmindful of the fact that the filling and abandonment of such well will under the circumstances of this case result in great economic waste. This, however, is a matter for adjustment by the parties, and not one that the court can control.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.