## MALONE et al. v. BARNETT.

### No. 5038.

Court of Civil Appeals of Texas. Texarkana.

Oct. 30, 1935.

Rehearing Denied Nov. 14, 1935.

Edwin M. Fulton and Robert W. Cummins, both of Gilmer, for appellants.

C. E. Florence and G. L. Florence, both of Gilmer, for appellee.

SELLERS, Justice.

This is a suit by Ben G. Barnett to recover of John W. Hooser, E. H. Malone and wife, Mrs. M. R. Malone, the sum of $2,867.69, and for the appointment of a receiver to take charge of a certain oil lease covering 100 acres of land in the Peter Whetstone survey in Upshur county. This appeal is from an order of the district judge made and entered on July 25, 1935, appointing a receiver for the lease. The record is not clear as to whether appellants had notice of the hearing at which the receiver was appointed, but this question is immaterial, since this court is of the opinion that appellee's petition is sufficient to support the appointment of a receiver, without notice to appellants.

The appellee, in his petition upon which the receiver was appointed, alleged that plaintiff and defendant were joint owners of the above-mentioned leasehold estate, and that plaintiff had drilled a well upon such lease under a contract with the defendants whereby they became indebted to him in the sum above mentioned; that such well produced oil in paying quantities for seven days after it was completed, after which time it ceased to flow and had not produced oil for several weeks. Plaintiff further alleged:

"Plaintiff would further show to the court that plaintiff and defendants jointly own the oil and gas leasehold estate, being the $\frac{7}{8}$ usually and commonly known as the working interest, in and under the above described tract of land; that O. J. Phillips, of Gilmer, Texas, is the owner of the $\frac{1}{8}$ usually and commonly known as royalty interest in and under said above described tract of land; that the allowable for said well as fixed by the Railroad Commission of the State of Texas, is approximately twenty-one barrels of oil per day, or a total of 630 barrels of oil per month that said oil is of the reasonable cash value of One Dollar ($1.00) per barrel; that oil in and under said above described tract of land is being drained therefrom by and through other wells which are producing oil daily to the south and east of said above described tract of land; that said well is what is known as a marginal well; that the drainage of oil from under the above described tract of land by wells on adjoining leases will create drainage ditches or feeders to said wells on adjoining leases, thus materially damaging plaintiff's and defendants' leasehold estate in and upon the tract of land hereinabove described; that plaintiff verily believes that said well upon said above described tract of land should be standardized and put on the pump at once; that said well should be caused to produce its allowable of oil so as to prevent drainage

through other wells; and that said plaintiff and defendants herein, as well as their royalty owner, O. J. Phillips, will sustain and suffer material and irreparable damages unless said well is standardized and caused to produce its allowable oil per day.

"Plaintiff further shows to the court that on or about April 6, 1935, this plaintiff and the defendant John W. Hooser entered into a certain contract, hereinabove referred to, which said contract provided, among other things, that upon the completion of said first well upon said lease that plaintiff and defendants would enter into a contract with reference to the operation of said lease, agreeable to both parties; that plaintiff has had a contract prepared with reference to the operation of said lease, which was not acceptable to the defendants herein; that the defendants have likewise had a contract prepared with reference to the operation of said lease, which was not at all acceptable to the plaintiff herein; and that plaintiff and defendants, after weeks of negotiations, discussions, etc., with each other, have been unable to agree upon a plan of operation of said leasehold estate, having discussed the matter personally as well as by and through their attorneys.

"Plaintiff further shows to the court that plaintiff and defendants have not been able to agree upon the trouble with the well on said lease or the means and method of producing oil therefrom; that defendants are of the opinion that a liner or perforated line of pipe of some kind or character should be placed in the well from the bottom of the bottom hole casing to the bottom of the well, and are of the opinion that the well has caved in or bridged over below the end of the bottom hole casing; that plaintiff is of the opinion that the hole is in good condition, and that as above stated, said well should be standardized and placed on the pump in order that water might be lifted therefrom to said well pumped or permitted to flow after having the water and other basic sediment pumped therefrom."

Plaintiff's petition contains a prayer for judgment for his debt and for receiver to take charge of the lease with power to develop and manage the same.

■ It seems now to be the settled law of this state that a receiver may be appointed by a court of competent jurisdiction upon the application of a joint owner of an oil and gas leasehold estate covering oil-producing land and thereby prevent drainage which may result when the joint owners are unable to agree upon a plan of development or operation of such lease. United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550; Id. (Tex. Com. App.) 272 S. W. 124. The allegations of appellee's petition seem to come within this rule.

■ The contention is made by appellants that no facts are alleged showing the immediate necessity of the appointment of a receiver without notice to them. There are allegations in the petition that the oil under the land involved is being constantly drained by wells on two sides of the tract of land involved, and that such drainage will create drainage ditches or feeders to said wells on adjoining leases and thus materially damage the leasehold estate of plaintiff's and defendants' tract of land. These allegations, it is believed, are sufficient to justify the court in making the appointment of the receiver without notice to appellants. Hunt et al. v. State (Tex. Civ. App.) 48 S.W.(2d) 466.

The judgment of the trial court will be affirmed.