**POWELL v. JOHNSON et al.**

No. 5989.

Court of Civil Appeals of Texas. Texarkana.

Feb. 16, 1943.

Rehearing Denied March 11, 1943.

274

W. J. Holt, of Dallas, and J. A. Stanford, C. M. Kennedy, and Black, Graves & Stayton, all of Austin, for appellant.

Walker, Smith & Shannon, of Ft. Worth, Park & Park, J. F. Park, and Auba Park, all of Corpus Christi, Bramlette, Levy & Bolton, of Longview, Weeks, Hankerson & Surles, of Tyler, and H. P. Smead, Jack Price, and Clyde H. Hall, all of Longview, for appellees.

### JOHNSON, Chief Justice.

This suit was filed September 10, 1940, by appellant, Allen Powell, to recover an undivided ½ interest in two contiguous tracts of land containing 9.25 and 1.28 acres in the city of Gladewater, Gregg County, Texas, and for an accounting for the oil and gas produced therefrom. Ida Johnson and her husband, Alex Johnson, their oil and gas lessees, and their grantees of mineral interests subject to the lease, and claimants of surface rights under grants from Ida were named defendants. The defendants specially pleaded the 5- and 10-year statutes of limitation, R.C.S. 1925, Articles 5509, 5510, and 5513.

The land was formerly community property of Doc Powell and his wife, Ida Powell (now Ida Johnson). They acquired it from J. B. Wells in 1917 by deed, which was duly recorded, naming Doc Powell only as grantee. It was their homestead at the time Doc Powell died in 1918, intestate. He was survived by his wife, Ida, and appellant, who is a son of Doc Powell by a former marriage. Appellant inherited from his father an undivided ½ interest in the land, burdened only with the homestead rights of his stepmother, Ida Powell. After Doc Powell died, appellant left Texas and lived in other states of the Union until shortly before filing of this suit, during which time he received no information concerning Ida or the land. Ida continued to occupy the land until 1920, when she married Alex Johnson and moved to his home, located on a farm owned by him in Upshur County, Texas, where they lived together as husband and wife until 1931; except that Alex and Ida were separated for probably a month in 1927, during which time Ida returned to and lived on the land in question. In July, 1931, Alex and Ida moved from their home in Upshur County to the land in question, since which time they have continuously occupied it as their homestead.

On January 2, 1931, Ida, joined by Alex, executed in usual terms an oil and gas lease to G. C. Dunaway, purporting to cover the entire mineral interest in the land, conveying to the lessee an undivided ⅞ mineral interest and reserving to the lessor ⅛. The south 4¼ of the 9¼ acres of the lease was assigned to appellees Rancho Oil Company and R. A. Josey, Inc. The remainder of the lease was assigned to appellee T. W. Lee. Said assignees of the lease will be referred to as the lessees. After execution of the lease, Ida, joined by Alex, executed deeds to a number of persons separately conveying undivided mineral interests subject to the lease, which will be termed royalty interest. The total of such undivided mineral interests conveyed by Ida amounted to more than ½ but not all the ⅛ royalty.

In answer to special issues the jury found that Ida and the defendants claiming under her held peaceable and adverse possession of the land for a period of 10 years prior to the filing of this suit, but that their adverse possession was not of such unequivocal notoriety as that appellant would be presumed to have notice of same. The jury further found that the

lessees T. W. Lee, Rancho Oil Company and R. A. Josey, Inc., have held peaceable and adverse possession of the ⅞ leasehold interest in the land, claiming under the oil and gas lease and assignments thereof duly registered, and paying taxes thereon, for a period of 5 consecutive years before filing of this suit; and that J. C. and J. P. Jackson and J. F. Park have held peaceable and adverse possession of the undivided royalty interests claimed by them, paying taxes thereon, under deeds from Ida, duly registered, for a period of 5 consecutive years prior to the filing of the suit against them.

Before rendition of the judgment, appellant and defendants Ida and Alex Johnson and all the defendants that claim only surface rights under Ida, and three of the defendants who claimed certain undivided interests in the ⅛ royalty under deeds from Ida, executed and filed an agreement settling the matters as between them. The agreement was approved by the court and incorporated in the judgment. After overruling appellant's motion for judgment notwithstanding the findings of the jury, the court rendered judgment based upon the verdict of the jury sustaining the pleas of limitation under the 5-year statute in favor of the lessees, T. W. Lee, Rancho Oil Company and R. A. Josey, Inc., as to the ⅞ leasehold interest, and in favor of J. C. and J. P. Jackson and J. F. Park as to the respective undivided interests claimed by them in what for convenience may be here termed the "second" ½ of the ⅛ royalty sold by Ida. Upon the facts the court entered judgment in favor of all the defendants claiming undivided interests in the "first" ½ of the ⅛ royalty sold by Ida.

Appellant's propositions 1 to 9 complain of the action of the trial court in entering judgment in favor of the lessees, T. W. Lee, Rancho Oil Company, and R. A. Josey, Inc., and in favor of J. C. and J. P. Jackson and J. F. Park, rendered upon the theory that appellant's right of recovery against said appellees was barred by the 5-year statute of limitation.

■ It is contended in substance that after the death of Doc Powell the homestead rights of Ida as his widow, under the Constitution, Art. 16, §§ 51 and 52, Vernon's Ann.St. and R.C.S.1925, Art. 3496, being in the nature of a life estate, Sargeant v. Sargeant, 118 Tex. 343, 15 S.W. 2d 589; Woods v. Alvarado State Bank,

118 Tex. 586, 19 S.W.2d 35; Clift v. Clift, 72 Tex. 144, 10 S.W. 338; Coffman v. Gulf, C. & S. F. Ry., Tex.Com.App., 23 S.W.2d 304, therefore Ida holds the position with reference to the land similar to that of life tenant, and that appellant holds the position of remainderman against whom limitation will not run in favor of such life tenant, or those claiming under her, during her lifetime. Citing Olsen v. Greele, Tex.Com. App., 228 S.W. 927; Perkins v. Perkins, Tex.Civ.App., 166 S.W. 915, writ refused; Starr v. Dunbar, Tex.Civ.App., 69 S.W. 2d 816, writ refused, and a number of other decisions. We agree that such were the rights of Ida and appellant until 1920, when Ida married Alex Johnson and moved off the land in question and lived with him as his wife on his farm in Upshur County. She thereby abandoned her homestead rights "as the widow of Doc Powell" in the land in controversy. R.C.S.1925, Art. 3497; Wallingford v. Bowen, Tex.Civ. App., 104 S.W.2d 188; Chalk v. Daggett, Tex.Com.App., 257 S.W. 228. Thereafterwards, appellant and Ida were tenants in common, each having the joint right of possession or to partition. Ida's return to and subsequent occupancy of the land as her homestead did not renew or reinvest her with homestead rights "as the widow of Doc Powell" so as to preclude the rights of appellant to joint possession or partition. Moss v. Smith, 29 Tex.Civ.App. 458, 68 S.W. 533, writ refused. After abandonment of her homestead rights as the widow of Doc Powell, limitation would have run in favor of Ida and those claiming under her if there had been present such facts as would authorize operation of the statute against a cotenant out of possession in favor of cotenants occupying the land. But the record here fails to show the essential facts of disseizin and notice of adverse claim.

■ We will first discuss the facts applicable to the appellees' holding under the oil and gas lease executed by Ida. "The law of limitation of actions for land is founded upon notice." Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131, 132; Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226. The only notice claimed by appellees in support of their plea of 5-year limitation is constructive notice. They contend, in substance, that since it is held by our courts that an oil lease in the ordinary form as here involved operates to convey to the lessees a deter-

minable fee in an undivided ⅞ interest in the minerals, Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Hager v. Stakes, 116 Tex. 453, 294 S.W. 835, therefore the recording of the lease from Ida and appellees' entry and possession under the lease, as a matter of law, constituted a disseizin of and constructive notice to appellant of their adverse claim, which possession and payment of taxes for the required length of time ripened title in them under the 5-year statute of limitation. In support of their contention appellees rely upon Jones v. Siler, 129 Tex. 18, 100 S.W. 2d 352; McBurney v. Knox, Tex.Com. App., 273 S.W. 819, 821, and other decisions, declaring the well-established rule which in McBurney v. Knox, supra, is expressed in the following language: "It is a familiar rule in this state that where one tenant in common executes a deed purporting to convey the entire premises to a third person, who enters into possession thereof, claiming title to the whole, this will constitute a disseizin of the cotenants and after the expiration of the statutory period will bar the right of the cotenants to recover." In Jones v. Siler, supra, the same rule is expressed as follows: "A conveyance by one cotenant to a stranger to the title, by an instrument purporting to pass the entire title in severalty and not merely the grantor's interest, when followed by entry of such stranger, claiming under such deed, into actual and exclusive possession, amounts to a disseizin of the other cotenants, and that such possession if continued for the statutory period will ripen into title." [129 Tex. 18, 100 S.W.2d 353.] Siler, the limitation claimant in that case, held exclusive possession under a deed from some but not all the cotenants purporting to convey the entire premises, and not merely an undivided interest of the grantors as did the lease held by appellees. Therefore Siler did not become tenant in common with the nonjoining cotenants as did appellees here. The court further said: "Siler's possession and the recording of the deed, taken together, gave defendants in error constructive notice of the hostile character of his claim." The opinion in that case further explains that it is not the recording of the deed from a cotenant that gives the constructive notice, because of the general rule that one is not charged with notice by registration of an instrument which is not in his chain of title, but that it is the possession that gives the notice, and that the function of the record of the deed is to aid and explain the notice given by the possession. The possession above referred to as being sufficient to constitute constructive notice must be such as appears exclusive and inconsistent with the rights of a true owner. Equivocal possession, or possession that appears subservient to or in common with or not inconsistent with the rights of the true owner will not suffice. Strong v. Strong, 128 Tex. 470, 98 S.W.2d 346, 109 A.L.R. 739; 31 T.J. 368, Sec. 7; 2 C.J.S., Adverse Possession, p. 520, § 8, and p. 565, §§ 47 and 48.

No presumption of hostile claim arises from the possession of a tenant in common. His possession is the possession of his cotenants until he repudiates their rights, and his repudiation is made known to them, or his possession and assertion of hostile claim is of such notorious character as that notice to them will be presumed. In Liddell v. Gordon, Tex.Com.App., 254 S.W. 1098, 1100, it is said: "As to this interest, George Liddell was a tenant in common with plaintiffs in error, and his possession was their possession, until he repudiated their rights, and such repudiation was known to plaintiffs in error, or his possession and assertion of hostile claim was of such notorious character as that notice thereof would be presumed."

Ida and appellant were tenants in common. She actually occupied the land along with appellees during all the time appellees claimed to have acquired title by limitation. Ida had the right to protect her interest in the land by producing oil therefrom, herself or by lessees, subject to subsequent adjustment of the relative rights of all interested parties. Durham v. Scrivener, Tex.Civ.App., 259 S.W. 606, affirmed Tex.Com.App., 270 S.W. 161; Stroud v. Guffey, Tex.Civ.App., 3 S.W.2d 592, affirmed Tex.Com.App., 16 S.W.2d 527, 64 A.L.R. 730; Stone v. Broadway, Tex. Com.App., 15 S.W.2d 230; Burnham v. Hardy Oil Co., Tex.Civ.App., 147 S.W. 330, affirmed 108 Tex. 555, 195 S.W. 1139; Texas & Pac. Coal & Oil Co. v. Kirtley, Tex.Civ.App., 288 S.W. 619, writ refused; New Domain Oil Co. v. McKinney, 188 Ky. 183, 221 S.W. 245.

When appellees acquired the lease from Ida they also became tenants in common with appellant, so far as the oil and gas and minerals were concerned. Simpson-Fell Oil Co. v. Stanolind Oil & Gas Co., 136 Tex. 158, 125 S.W.2d 263, 267,

146 S.W.2d 723. The facts in that case show, in so far as here material, that F. M. Fonville owned the fee title to an undivided ⅞ interest in 250 acres of land in Gregg County, Texas, and the remaining ⅛ undivided interest in the fee was owned by Jack Howell, a minor. Leland Fikes acquired the interest of Jack Howell by deed from the guardian of said minor. Prior to the time Fikes acquired the minor's interest, Fonville and his wife had executed an oil and gas lease to D. A. Burris purporting to cover the entire 250 acres, the same as the lease in the present case. Burris in turn had assigned the lease to Simms Oil Company, Gulf Production Company, and Magnolia Production Company; and the Simms Oil Company had assigned a ½ interest in the south 100 acres to the Stanolind Oil & Gas Company. The Commission of Appeals in an opinion adopted by the Supreme Court held that said oil companies constituting Fonville's lessees (in the same position as appellees here) and Fikes (in the same position as appellant here) were tenants in common, saying:

"At the time, then, when Fikes acquired his ⅛th undivided interest on July 28, 1931, he became a tenant in common with the above mentioned companies so far as the oil, gas and minerals were concerned. The lease by Fonville and wife to Burris and the various assignments by Burris were not void. As between the parties they were valid and binding according to their terms. As to Fikes they were subject to his right to be protected to the extent and value of his ⅛th undivided interest in the whole, in an equitable adjustment of the relative rights of the other parties, as between himself and them, and as between themselves. His right was subject to their correlative equitable rights, which could be adjusted only in a proceeding involving all of the oil, gas and minerals in the whole common property, except to the extent that by mutual agreement or by acts amounting to ratification or estoppel, the parties may have adjusted same themselves."

█ So it is seen that the oil and gas lease executed by Ida was not void, and that it was valid and binding as between the parties thereto, and their assigns, and that when appellees acquired the lease they became tenants in common with appellant. Appellees had the legal right to enter upon the land and to produce oil therefrom, subject to appellant's right to be protected to the extent and value of his interest in an equitable adjustment of the rights of all the interested parties. Therefore appellees' possession and production of oil from the land would not of itself and as a matter of law be inconsistent with and exclusive of the rights of appellant, their cotenant. The instrument under which they claim did not purport to convey the entire title to the land or to the minerals, but merely an undivided interest therein. Clearly it was not the character of instrument and possession referred to in Siler v. Jones and other decisions as being sufficient to show a disseizin and to constitute constructive notice of the possessor's claim against his tenant in common.

In their contention that they have acquired title under the 5-year statute of limitation lessees also cite Terry v. Prairie Oil & Gas Co., 5 Cir., 83 F.2d 843; Allison v. Texas Co., Tex.Civ.App., 161 S.W. 2d 167; Kilpatrick v. Gulf Prod. Co., Tex. Civ.App., 139 S.W.2d 653, writ of error dismissed, correct judgment. Without the necessity of copying them here, we think it sufficient to state that in each of those cases the facts upon which the holdings are based are materially distinguishable from the facts controlling the holding in the present case.

█ We will next discuss the rights of appellant and Ida and those claiming under deeds from her conveying undivided interests in the ⅛ royalty. The record shows that Ida conveyed undivided interests totaling all the ⅛ royalty under the 1.28-acre tract, except ¹²⁄₃₂ of the ⅛. The interest of the parties in that tract was settled by agreement approved by the court without objection. Claims to undivided interests in the ⅛ royalty in the 9¼-acre tract only is involved in this appeal. The record shows that Ida conveyed undivided interests totaling all the royalty in that tract except ⅛ of ⅛ in the north 5 acres. Admittedly Ida owned and by such conveyances passed good title to ½ the ⅛ royalty in that tract. Expressed in other words, under the doctrine of equitable partition and adjustment of the rights of all interested parties, appellant could avoid said conveyances in the inverse order of alienation to the extent only of injury to his rights. Larrison v. Walker, Tex.Civ. App., 149 S.W.2d 172, and authorities there cited. The first of the royalty deeds executed by Ida covering the 9¼-acre tract conveyed to S. E. Cone ¼ of the ⅛ royal-

278

ty. That ¼ interest is now held by Fern Cone and Oscar L. Neisler and no contention is made that it could or should be disturbed or avoided. By the second sale Ida conveyed to J. C. and J. P. Jackson ½ the ⅛ royalty in the 9¼-acre tract. This deed passed good title to only ¼ of the ⅛ since Ida only owned that amount at that time. J. C. and J. P. Jackson conveyed ¼ of ⅛ to H. R. Snaveley. Said ¼ is now owned by appellees Snaveley, Felsenthal, Berg and Levy, therefore the judgment in their favor should be affirmed. The judgment in favor of J. C. and J. P. Jackson to the ¼ retained by them after their sale to Snaveley can not be sustained, unless they have acquired title thereto under the 5-year statute of limitation. After conveying the ¼ to S. E. Cone and the ½ to J. C. and J. P. Jackson, which, as above shown, amounted to more than Ida owned, she thereupon conveyed to J. F. Park and C. E. Noble ¼ of the ⅛ royalty in the south 4¼ acres of said 9¼-acre tract. By agreement between Park and Noble this ¼ was divided equally between them. During the trial Noble settled out as to the ⅛ of ⅛ claimed by him. Judgment should have been rendered in favor of appellant against Park, unless he has acquired the ⅛ of the ⅛ royalty under the south 4¼-acre tract now claimed by him under the 5-year statute of limitation.

The contention of J. C. and J. P. Jackson and J. F. Park is that they have acquired title to the undivided interests in the ⅛ royalty claimed by them under the 5-year statute of limitation. These appellees, as did the lessees, must necessarily rely on the contention that appellant was charged with constructive notice of their adverse claim. The deeds under which they claim purport to convey not the entire estate but merely an undivided interest in the minerals. Such conveyance is not the character of instrument referred to in Siler v. Jones, supra. On the other hand, the claims of appellees under such conveyance from Ida placed them in position of tenants in common with appellant. Appellees do not claim to have entered into actual possession themselves. No change in actual possession was made after they purchased. Ida and the lessees continued in actual possession. Appellees must necessarily rely on the possession of the lessees. We have already determined that such possession in the facts here presented was not sufficient to constitute con-structive notice of an adverse claim against appellant. Therefore appellees' claim that they have acquired title under the 5-year statute of limitation must be overruled.

The judgment of the trial court in favor of the lessees, T. W. Lee, Rancho Oil Company, and R. A. Josey, Inc., and J. C. and J. P. Jackson and J. F. Park will be reversed and judgment here rendered in favor of appellant. In all other respects the judgment of the trial court will be affirmed.