PEOPLES CEMETERY ASSOCIATION ET AL. v. OAKLAND CEMETERY
COMPANY ET AL.

Decided January 28, 1901.

**Receiver—Appeal from Order Appointing—Delivery Back of Property.**

When, by interlocutory order in a cause pending in the district court, a receiver has been appointed for the defendant company and its property delivered to him, and the defendant appeals from such order, executing a supersedeas bond, it is thereupon entitled to have the receiver, pending such appeal, return to it the property, even though by an injunction from the trial court still in force it is forbidden to use or dispose of the property pending the litigation.

ORIGINAL APPLICATION for mandamus.

*McCormick & Spence,* for applicants.

*Finley, Etheridge & Knight, Crawford & Crawford,* and *Edward Gray,* for respondents.

TEMPLETON, ASSOCIATE JUSTICE.—On January 2, 1901, the Hon. Thomas F. Nash, judge of the Fourteenth Judicial District, on the application of the Oakland Cemetery Company, appointed Eugene Duncan receiver of the property of the Peoples Cemetery Association. The appointment was made by an interlocutory order entered in a cause pending in said court wherein the said company was plaintiff and the said association was defendant. On January 4, 1901, Duncan duly qualified as receiver, and on the same day demanded of the association that it turn over to him the property designated in the order aforesaid, which demand was promptly complied with. On January 7, 1901, the association gave due and proper notice of appeal to this court from the order appointing the receiver, and on the same day perfected its appeal by filing in the court below a supersedeas appeal bond in proper form, in an amount fixed by the said court, which bond was duly approved. Thereupon the association demanded of the receiver that he deliver to it the property that had been turned over to him, but he refused to do so. This is a motion filed in this court by the association and its officers, asking that the receiver be required to restore its said property.

In Carter v. Carter, 40 Southwestern Reporter, 1030, it was held by this court that an appeal from an interlocutory order appointing a receiver suspended the functions of the receiver, and that the appellate court had jurisdiction to enforce such suspension. It is, however, contended by the respondents that the appeal does not vacate, but only suspends, the receivership, and that the receiver should be permitted to hold the property which has come into his hands until the appeal is determined. We think that the effect of the appeal is to supersede the order of appointment and everything done thereunder, and that defendant is entitled to demand the restoration of the status quo as it existed at the time the order was made. To hold otherwise would give validity and effect to the order appealed from, and destroy the right given to the defendant by the statute to supersede such order. It is settled in Carter v. Carter, supra, that the receiver can not act pending the appeal. Generally, the property involved is of such a nature that it can not be passively held without injury or loss. So, if we concede the proposition that a receiver who has gotten possession of the property before the appeal is perfected, may hold it in spite of the appeal, we would have the anomaly presented or requiring him to hold property which ought to be actively managed or operated and refusing him permission to so manage or operate it. Beach on Receivers, pp., 127-129.

The fact that the association delivered its property to the receiver when he made the demand of it would not affect its right to appeal, or to have the property returned to it upon the giving of the supersedeas bond. The surrender of its property was under a species of duress, in

that it was bound to comply instantly with the order under penalty otherwise of being in contempt. In this sense, compliance with the demand was not voluntary. The association had twenty days under the statute in which to perfect its appeal, and it was not bound to do so immediately upon the making of the order.

The respondents contend that the applicants may waste or misappropriate the property should the same be restored to them, and that this is a sufficient reason for refusing the motion. The supersedeas bond protects the respondents, and if the applicants are cast on appeal they and their sureties must return the property had of the receiver or account for its value.

At the time the order appointing the receiver was entered an injunction was issued restraining the association from in any way disposing of or using its property pending the litigation. The injunction is still in full force and was not superseded by the appeal. It may be insisted that it would be useless for us to require the receiver to deliver the property back to the association, since the same would be fruitless in its hands. The right to the possession of its property being secured to it by the giving of the supersedeas bond, it is immaterial whether such possession would be beneficial. The right is a legal one and must be recognized and enforced.

The applicants ask us to suspend all further proceedings in the main cause in the District Court until the appeal from the order appointing the receiver is heard and determined. Without passing on the question as to whether we have authority to take the action requested, we will say that such authority appears to be conferred by article 1383, Revised Statutes, and it would seem that we have the discretion, in the proper case, to adopt such course. We do not think, however, that the applicants' motion presents such a case as requires us to impose upon the District Court our mandate to delay further proceedings in the main case, and the motion of the applicants in that respect is overruled.

The motion to require the receiver to deliver to the applicant its property now in his hands and held by him as receiver is granted.

The receiver appears to have acted in good faith, and will not, therefore, be held in contempt.

*Motion granted.*