## TIMPSON & H. RY. CO. v. STATE.
### (No. 2882.)

(Court of Civil Appeals of Texas. Texarkana.
May 31, 1920.)

**Appeal and error ⬤═489—Execution of bond suspended order appointing receiver and obligated him to return property.**

The legal effect of execution of supersedeas bond by defendant railroad, proceeded against by the state for appointment of receiver, was to suspend order appointing receiver until railroad's appeal therefrom had been disposed of, and it became duty of receiver, if he had taken charge of property, to return it to railroad, and to refrain from exercising powers under appointment when notified of execution and approval of bond.

Application for injunction by the Timpson & Henderson Railway Company against the State of Texas. Writ granted.

R. E. Minton, of Groveton, for plaintiff.

C. M. Cureton, of Austin, and C. L. Stone, of Henderson, for the State.

HODGES, J. On October 3, 1919, the state of Texas, through the attorney general, filed in the district court of Rusk county an application for a receiver to be appointed to take charge of the Timpson & Henderson Railway Company. On March 5, 1920, the application was heard in vacation by Hon. C. L. Brachfield, judge of that judicial district, and an interlocutory order entered appointing H. Y. Noble as receiver and fixing his bond at $10,000. The bond was promptly executed and approved, and Noble thereafter took possession of the railway property. For some reason the order appointing the receiver was not entered of record until April 13th following. The Timpson & Henderson Railway Company perfected an appeal from that order within the time prescribed by law, and executed a supersedeas bond, which had been fixed by the court at the sum of $5,000, conditional as required by law.

This is an original application, filed by the railway company, asking that this court grant a writ of injunction restraining H. Y. Noble from retaining possession and attempting to exercise the functions of a receiver. It is alleged that notwithstanding the execution of the supersedeas bond above referred to, Noble retains control and refuses to surrender possession of the railroad equipment, books, papers, offices, depots, and other property belonging to the railway company. The legal effect of the execution of the supersedeas bond was to suspend the order appointing the receiver until the appeal therefrom had been disposed of. Carter v. Carter, 40 S. W. 1030; Cemetery Ass'n v. Cemetery Ass'n, 24 Tex. Civ. App. 668, 60 S. W. 679; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106

S. W. 326; Houston, B. & T. Ry. Co. v. Hornberger, 141 S. W. 311; Id., 106 Tex. 104, 157 S. W. 744. It was the duty of the receiver, if he had previously taken charge of the property, to return it to the railway company and refrain from attempting to exercise any of the powers conferred upon him by the order of appointment, when notified of the execution and approval of the supersedeas bond.

We are of opinion that the writ prayed for should be granted; and it is so ordered.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes