### HUNT et al. v. STATE.
### No. 7732.

Court of Civil Appeals of Texas. Austin.
Feb. 24, 1932.

Rehearing Denied March 9, 1932.

McEntire, James, & Clower, of Tyler, for appellants.

James V. Allred, Atty. Gen., Geo. T. Wilson and R. W. Yarborough, Asst. Attys. Gen., for the State.

Williams & Williams, of Austin, for appellees Lee and Yett.

BAUGH, J.

Appeal is from an order appointing a receiver of property situated in Rusk county, Tex., with power to take possession of, operate, develop, and collect royalties on, a tract of land on which was situated an oil well, pending a determination of the suit upon its merits. Suit was filed by the state on December 3, 1931, against numerous parties, asking for a receiver. This petition was not verified. On December 4, 1931, Joe Lee and Richard Yett, two of the defendants, answered by verified cross-action, also asking for a receiver. On the same date, i. e., December 4th, in vacation, the trial court entered an order appointing Geo. S. Matthews receiver, reciting that the appointment was based upon the state's application. On December 12th, that order was modified as to the powers of the receiver. On December 15th, appellants prosecuted this appeal.

Since said appeal has been filed in this court, the defendants Lee and Yett have asked for writ of certiorari to bring up, as a part of the record, an amended order of the trial court entered on December 22, 1931, in term time. Both the original order of December 4th, and that of December 22d, were entered ex parte without notice to appellants. The first question presented is whether the state and the defendants Lee and Yett are entitled to have the amended order of December 22, 1931, considered as a part of the record on appeal.

The obvious purpose of the application for writ of certiorari is that, in the event the receivership appointment cannot be sustained upon the application of the state, then that

the application of Lee and Yett for such receivership be considered; and if so considered it is contended that the latter is sufficient to sustain the appointment. Since, however, we have concluded that the record discloses sufficient grounds to authorize such appointment by the trial court on the application of the state, the application for certiorari becomes immaterial.

Authorities are numerous to the effect that appointment of a receiver without notice to the adverse party is one of the most drastic remedies known to the courts and should be exercised only in extreme cases, where the right thereto is clearly shown, and then in the exercise of great caution by the court. Zanes v. Lyons (Tex. Civ. App.) 36 S.W.(2d) 544, 545, and cases there cited; 53 C. J. 59; 23 R. C. L. 18. Of necessity the exigency for such appointment must depend upon the facts of the particular case.

In this case the state alleged, in the alternative to its action in trespass to try title to the land in question, that said lands had for several years prior to July, 1931, been within the enclosure of Joe Lee; that during said July, 1931, under authority of House Bill No. 358, enacted by the Forty-Second Legislature, at its Regular Session (chapter 271 [Vernon's Ann. Civ. St. art. 5421c]), giving him priority, the said Joe Lee applied to the land commissioner to purchase said lands from the state; that same were sold and patented to him by the state as mineral lands, wherein the state reserved one-sixteenth of the oil and gas as a free royalty; that the said Joe Lee and his assigns were obligated to the state to protect such minerals retained by the state from drainage and loss, to develop same, and to account to the state for its royalty, but had failed and neglected to do so; that H. L. Hunt and H. L. Hunt, trustee, as trespassers had entered upon said lands, drilled a well thereon, and were extracting large quantities of oil and gas from said land without accounting to the state for same; the amount thereof being unknown to the state.

The fifth paragraph of said petition reads as follows: "All of the lands above described are surrounded by producing oil and gas wells so that the oil and gas to which the State is entitled is being drained from under said land by wells on adjoining tracts of land, and it has become and is the duty of the defendants Joe Lee and Richard Yett to develop said land for oil and gas and to pay the State its royalty on the production secured therefrom in order to prevent the oil and gas from being drained through wells on adjoining tracts of land; that said defendants have wholly failed and refused to develop said land or to protect the State's interest therein, and as a result the interest of the State is being dissipated and destroyed

through drainage from wells on adjoining lands, and the defendants H. L. Hunt and H. L. Hunt, Trustee, are, as trespassers on the tract of land first above described, actually taking from the land oil and gas belonging to the State without accounting therefor, so that it becomes and is necessary for the protection of the State's interest that a receiver be appointed to take full possession and control of all of said lands with authority to produce and save oil from the well that has already been drilled thereon by the defendants H. L. Hunt and H. L. Hunt, Trustee, and with authority to lease said lands to persons or companies who will drill the same for oil and gas and who will produce oil and gas therefrom and account to the State for its royalty."

Following this was the prayer for immediate appointment of a receiver to take charge of the property, to conserve the state's interest, and to develop same through leases or contracts so as to recover the oil and gas thereunder belonging to the state.

While the allegations of the state's petition were not as full and explicit as they might have been, we think they sufficiently set forth grounds to bring the application within the provisions of subdivision 1 of article 2293, R. S. 1925. It is not essential that the application for appointment of a receiver, as a pleading, be verified. An appointment ex parte, based upon such application alone, without hearing evidence as to the facts alleged, cannot be sustained unless such application is verified and sets out fully the facts relied upon. S. W. Grain & Hay Co. v. Continental Ins. Co. (Tex. Civ. App.) 240 S. W. 686; Zanes v. Lyons, supra. When so verified it is competent evidence, in an ex parte hearing, of the facts stated.

While the state's application was not sworn to, there appears in the record the verified cross-action of Lee and Yett, filed on December 4, 1931, setting out in detail the grounds alleged by the state, showing that the failure of Lee and Yett to develop said oil and gas lands was due to the action of appellants; that in addition to the well on said lands, appellants and others had wells on adjoining tracts which were producing oil and gas from a structure higher than that found on the lands here involved, and which were unduly draining said lands. That the controversy over the ownership of such lands prevented said Lee and Yett from developing said lands and conserving and producing the oil and gas underneath same; that the oil was being constantly drained and the gas dissipated into the air, which facts demanded immediate action under the supervision of the court, through a receiver, to protect their interests and those of the state with which they were jointly concerned.

This verified cross-action of Lee and Yett

was introduced in evidence by the state and is brought up as a statement of facts, bearing the certificate of the court that he considered it as evidence in passing upon the state's application. Considered as such, it was clearly sufficient to authorize immediate appointment of such receiver.

When appointment of a receiver on the grounds stated in any of the first three subdivisions of article 2293, R. S. is sought, allegations and proof of insolvency of defendant, inadequacy of legal remedy, or other equitable grounds, are not necessary. Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154 (writ ref.). The right then becomes a legal right. Richardson v. McCloskey (Tex. Civ. App.) 228 S. W. 323. An application at the instance of a lessee or royalty holder of oil lands for a receiver to prevent drainage through wells on adjacent lands comes within the provision of subdivision 1 of said article of the statute. United N. & S. Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550; Id. (Tex. Com. App.) 272 S. W. 124.

The appointment of a receiver is ancillary to the main suit, and where made without notice should be confined to extreme or imperative cases. It is a power vested in the discretion of the trial court, however, and where the facts presented justify it, the court has the inherent power to make such appointment without application of either party. Crawford v. Crawford (Tex. Civ. App.) 163 S. W. 115; Spence v. Bank (Tex. Civ. App.) 294 S. W. 618, 622; Baptist Missionary Convention v. Knox (Tex. Civ. App.) 23 S.W.(2d) 781. That being true, the sufficiency of the state's pleadings present a less serious question; the state having sought a legal remedy under the statute instead of equitable relief, which would require a more exacting showing in the premises.

The magnitude and widespread character of oil development and the state regulation thereof through legislation have been such that courts should take judicial notice of common knowledge concerning it. It is well known that in what may be termed deep fields, costs of drilling wells, bringing oil and gas to the surface, and marketing same require large expenditures, and risks so great as to virtually prohibit such development by the owners of the fee to the lands. Such production is almost universally accomplished by leases to others or through contracts with those engaged in that business, compensated for by part of the minerals produced. While the doctrine of ownership in place obtains in this state, drainage cannot be enjoined, and the value of that ownership depends entirely upon reducing such minerals to possession by bringing them to the surface. No cause of action lies in the owner of the surface against his neighbor for draining the oil and gas from under his land. It is obvious, therefore, that the opportunity of the owner of the land to secure production therefrom is largely, if not almost entirely, dependent upon the validity of his title. And the mere fact that the title to the land is in dispute, or in litigation, as here, greatly impedes, if it does not entirely prevent, production of oil and gas on a given tract. And where wells on the adjacent lands are owned and operated by the same parties who claim the land in dispute, as was shown in this case, and are draining the lands in question, a case is presented calling for immediate relief, pending a determination of ownership of the title. Appointment of a receiver to effect such development, and to produce the oil that would otherwise drain into wells on other lands, and so be lost to the owners of the land in controversy, has been approved by the courts as proper and effectual. United N. & S. Co. v. Meredith, supra; Consolidated Pet. Co. v. Austin (Tex. Civ. App.) 283 S. W. 879; Saulsbury v. Clay (Tex. Civ. App.) 25 S.W.(2d) 200; Bearden v. Texas Co. (Tex. Civ. App.) 41 S.W.(2d) 447. The fact that wells on adjoining lands were already in operation daily draining the oil and gas shown to belong to the state, from the land in question, which could not be replaced, and removing it beyond possibility of recovery, and that the only practical method of preventing such removal was by the development and production of such oil and gas under said lands without delay, constituted, we think, such imperative necessity for immediate appointment of a receiver with authority to accomplish that purpose, as sustain the action of the trial court. Appellants by motion to vacate such appointment have an opportunity to be heard at any time. But pending such hearing, or a hearing upon the merits, the appointment by the trial court could be sustained on the showing made.

The judgment of the trial court is affirmed.

Affirmed.