## CHANCELLOR et al. v. GUERRA et al.

### No. 9772.

Court of Civil Appeals of Texas. San Antonio.

July 17, 1935.

Rehearing Denied Aug. 14, 1935.

Cameron, Hardin & Bridges, of Edinburg, and Dan Moody and J. B. Robertson, both of Austin, for appellants.

F. B. Guerra, Jr., of Laredo, J. W. Ragsdale, of Victoria, R. D. Cox, Jr., of McAllen, and Strickland, Ewers & Wilkins, of Mission, for appellees.

SMITH, Chief Justice.

The suit involves the mineral interest in a tract of twenty-five acres of land in a proven oil field in Hidalgo county. Francisco B. Guerra owns the surface of the land, in fee, as well as a one-eighth interest in the oil therein, but various parties, denominated as appellants here, are claiming the leasehold interest in the land, together with a seven-eighths interest in the oil therein, while others, appellees here, are claiming the same interest. Guerra, supporting his coappellees in their claim of the leasehold interest and seven-eighths of the mineral interest, is also contesting appellants' claim.

Appellants, by direct action, and appellees, by cross-action, are prosecuting in the court below, a consolidated suit in trespass to try title, and to establish the claims asserted by them, respectively, to the leasehold interest in the land. Pending disposition of that suit on the merits, the trial court, at appellees' insistence, appointed a receiver, with power to proceed with the development of the land for oil and gas purposes, pending determination of the main suit, on the merits. From the interlocutory order appointing the receiver, appellants have brought this appeal.

It appears, conclusively, from the record, that the land involved is in the center of a highly developed and fully proven oil field, and is closely surrounded by actively producing wells; that if not at once developed the tract involved will be drained of the oil which lies, apparently in large quantities, under the surface of the tract, and which, as a matter of common knowledge, will be lost to the parties litigant here if not promptly produced by or for them; that some of the claimants of the mineral interests refuse to co-operate with the others in procuring production; that because of this litigation, and the refusal of the parties to co-operate, it is impossible, as a practical matter, to procure the development necessary to save the oil to the parties, whereby the very subject-matter in litigation will be destroyed, so far as the owners' interests are concerned.

In this state of the record, and under the authorities, we hold that the trial judge did not abuse his discretion in granting a receivership, and the judgment will be affirmed. Article 2293, R. S. 1925; United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550; Id. (Tex. Com. App.) 272 S. W. 124; Saulsbury v. Clay (Tex. Civ. App.) 25 S.W.(2d) 200, 201; Hunt v State (Tex. Civ. App.) 48 S.W.(2d) 466, 467.