**J. S. ROGERS et al., Appellants,**

v.

**C. E. BOYKIN et al., Appellees.**

No. 3209.

Court of Civil Appeals of Texas.

Eastland.

Jan. 6, 1956.

Rehearing Denied Jan. 27, 1956.

Dell Barber, Colorado City, William H. Shireman, Corpus Christi, for appellants.

McMahon, Springer, Smart & Walter, Abilene, for appellees.

COLLINGS, Justice.

This action in trespass to try title was brought by plaintiffs, C. E. Boykin, H. J. Headrick and W. S. Corley, Sr., against defendants J. S. Rogers and wife, Eula Rogers, Curtis Rogers and wife, Grace Rogers, and Curtis Rogers, Jr. Plaintiffs sought to recover title to and possession of certain described real property known as the Gosnell Hotel in Colorado City, Texas, together with all personal property therein and thereon. Plaintiffs alleged that they were owners of the hotel property, that defendants J. S. Rogers and wife were in possession of and operating same; that defendants were collecting and retaining for their own use and benefit all of the rents, revenues and income therefrom and were not keeping the property in good repair; that they were not paying the taxes and were not maintaining insurance of any kind thereon, by virtue of which the property was in danger of being lost. Plaintiffs prayed for the appointment of a receiver to take charge of,

protect and operate the hotel property pending final disposition of the case.

The defendants answered, admitting plaintiffs to be the record owners of the hotel but alleged that plaintiffs were, by agreement of the parties, holding title thereto for the benefit of and subject to the rights of all parties to the suit who had money invested therein in amounts specifically alleged.

On June 6, 1955, at which time the case was set for trial on the merits, defendants filed a motion for continuance. It was alleged in the motion for continuance that on March 16, 1955, defendants had employed as one of their attorneys to assist in the defense and trial of their case Senator William H. Shireman, who was unable to be present at the trial because he was a member of the 54th Legislature of the State of Texas which was in session at that time. The motion for continuance was granted. The court also granted plaintiffs' application and motion for appointment of a receiver. The defendants have appealed.

■ No statement of facts has been filed in connection with this appeal. In this state of the record, we must presume that the order of the court appointing a receiver is supported by evidence and that the allegations contained in appellees' pleadings and the findings of fact contained in the order are true. Chalmers v. Kimbrough, Tex.Civ. App., 227 S.W.2d 615; Ross v. York, Tex. Civ.App., 233 S.W.2d 347; Roper v. Winner, Tex.Civ.App., 244 S.W.2d 355; McFarland v. Connally, Tex.Civ.App., 252 S.W. 2d 486; Crawford v. Crawford, Tex.Civ. App., 256 S.W.2d 875.

Two orders were entered in connection with the appointment of a receiver. Both were filed with the clerk of the court on June 16, 1955 and were, in substance, as follows:

"C. E. Boykin, et al
vs. No. 7213
J. S. Rogers, et al

"On June 28, 1954, the application of C. E. Boykin, H. J. Headrick and W. S.

Corley, Sr., plaintiffs, for the appointment of a receiver in the above entitled and numbered cause came on to be heard, and such application having been under consideration by the Court, and the Court being of the opinion that prior to the appointment of any receiver and as a condition thereto the said applicants should file with the Clerk of this court a good and sufficient bond, to be approved by such clerk, and conditioned for the payment of all damages and costs in such suit in case it should ever be determined that any receiver which may be appointed herein was wrongfully appointed, and it appearing to the Court that the amount of said bond should be fixed at the penal sum of Ten Thousand and no/100 ($10,000.-00) Dollars and that such amount will be sufficient to cover all probable damages and costs:

"It is therefore Ordered, Adjudged And Decreed by the Court that the amount of said bond be and the same is hereby fixed at Ten Thousand and no/100 ($10,000.00) Dollars, the same to be conditioned as above set forth,

"Entered this 1st day of October, 1954.
                    "S/ A. S. Mauzey
                       "Judge Presiding"

"C. E. Boykin, et al
Vs. No. 7213
J. S. Rogers, et al

"On the 28th day of June, 1954, came on to be heard and considered by the Court the application of C. E. Boykin, H. J. Headrick and W. S. Corley, Sr., plaintiffs in the above entitled and numbered cause, for the appointment of a receiver over the Gosnell Hotel in Colorado City, Mitchell County, Texas, more particularly described as follows, to-wit:

"Lots 7 and 8, Block 34, Original Town of Colorado (now Colorado City), as per map or plat of record in Vol. C, page 16, Deed Records of Mitchell County, Texas,

together with all personal property located therein or thereon, came the parties and announced ready on the hearing on said application, and the Court, after reading the pleadings and hearing all of the evidence adduced at such hearing, concluded that the plaintiffs were entitled to the appointment of a receiver as prayed for, but entry of the order appointing a receiver was withheld at the request of the parties, and the matter was postponed from time to time, and although the above entitled and numbered cause was set for trial upon * * * its merits at various times, the same was postponed from time to time for various reasons, and said cause having heretofore been set for trial upon its merits for the 6th day of June, 1955, and on such date came the parties by their respective attorneys, and it appearing to the Court that the defendants had filed a statutory motion for continuance based upon the fact that one of the attorneys for the defendants was a member of the Fifty-fourth Legislature of the State of Texas, and could not be present at such trial of such cause upon its merits, which motion for continuance on the part of said defendants was contested by the plaintiffs, who appeared in person and by their attorneys and announced ready for trial, and the Court, having duly considered such motion, and having heard the evidence in support of such motion and against the same, and being of the opinion that said motion for continuance should be granted, but that in connection with which the plaintiffs' application for the appointment of a receiver should be granted, and it appearing to the Court from the pleadings and the evidence adduced at the hearing on June 28, 1954, and at the hearing on the defendants' motion for continuance on June 6, 1955, and from all papers filed in said cause that the conditions have not changed since the original hearing on said receivership on June 28, 1954, and that said plaintiffs have a probable right to or interest in said property, and that such interest of said plaintiffs is in danger of being lost or materially injured, and that the appointment of a receiver over said property is necessary to protect the rights of the plaintiffs, and that plaintiffs have no other adequate remedy at law or in equity, and that unless a receiver is appointed herein, said plaintiffs may suffer irreparable loss, and that the application for the appointment of a receiver should be granted:

"It is, accordingly, Ordered, Adjudged And Decreed that C. H. Moore, a duly qualified person, be, and he is hereby appointed receiver over the Gosnell Hotel in Colorado City, Mitchell County, Texas, more particularly described as follows, to-wit:

"Lots 7 and 8, Block 34, Original Town of Colorado (now Colorado City), as per map or plat of record in Vol. C, page 16, Deed Records of Mitchell County, Texas,

together with all personal property located therein and thereon, and that the said C. H. Moore as receiver is authorized and directed to immediately procure policies of insurance with reputable insurance companies to be approved by the Court, protecting said property against loss or damage due to fire, windstorm, hail, and all other causes included within fire and extended coverage insurance, and also such public and personal liability insurance policies as may be directed by the Court, and said receiver is further authorized and empowered to immediately assume possession and occupancy of said property and to take immediate charge thereof and to operate said hotel as a going business, and to do any and all acts and things necessary or incident to the operation of such hotel as going business, and to do any and all other acts and things as may be ordered and approved by the Court.

"It is further Ordered that the said C. H. Moore, before entering on the duties as a receiver, shall take oath as

required by law, and execute a bond, with good and sufficient sureties, in the sum of $10,000.00 payable to the Judge of said Court and all parties to said cause and their successors and assigns, and all persons interested in the property, both real and personal, conditioned as required by law, to be approved by this court; that this appointment shall take effect on the filing of such oath and the approval of this Court of said bond; and that this appointment shall be in effect until terminated by further order of this Court, and that all persons are hereby enjoined and restrained from in any manner interfering with the performance of said receiver's duties hereunder.

"Entered this 17th day of June, A. D., 1955.

"S/ A. S. Mauzey
"Judge Presiding."

■ Appellants contend in their first point that the court erred in entering an order appointing a receiver after their attorney, Senator William H. Shireman, a member of the 54th Legislature of the State of Texas then in session, had duly filed his affidavit and motion for continuance in accordance with Article 2168a, Vernon's Annotated Texas Civil Statutes, and Rule 254, Vernon's Texas Rules of Civil Procedure. This point is not well taken.

According to the facts recited in the order appointing a receiver, a hearing was had on the matter on June 28, 1954 and evidence was then heard by the court at which time the court concluded that appellees were entitled to the appointment of a receiver. It was further recited that the entry of the order appointing a receiver was at the request of the parties withheld and the matter postponed from time to time until June 6, 1955, when the case was set for trial on the merits and defendants' motion for continuance was presented and urged. Appellants' motion for continuance was granted insofar as a trial on the merits was concerned. The

hearing on the ancillary matter of the appointment of a receiver, however, had been held on June 28, 1954, prior to the filing of the motion for continuance. Presumably all parties had announced ready for trial on the receivership hearing. After the court had concluded that appellees were entitled to the appointment of a receiver the entry of the order was postponed and held in abeyance at the request of the parties. Since appellants announced ready and took part in the hearing on June 28, 1954, and were parties to an agreement under which the court postponed and held in abeyance the entry of the order appointing a receiver, they were not entitled thereafter, while the matter was thus being held in abeyance, to file and prevail in a motion for continuance under the provisions of Article 2168a, supra, insofar as the receivership was concerned. The point is overruled.

■ Appellants also contend that the order appointing a receiver is void and should be declared a nullity because it is conditioned upon the receiver taking an oath and making a bond in the sum of $10,000, which the record shows was never done. We cannot agree with this contention. Under the terms of the order the appointment of the receiver was not to take effect until the filing and approval of the oath and bond. This provision was in accordance with Article 2296, Vernon's Texas Civil Statutes, which requires an oath and bond of a receiver before entry upon his duties. On June 20, 1955, three days after the order was filed with the clerk, appellants filed a supersedeas bond which superceded the order pending this appeal. It would be a useless thing to require a receiver to file his oath and bond before the appeal is determined. In any event, the failure of a receiver to file the required oath and bond does not render void the order of appointment. It only prevents the appointment from becoming effective until the oath and bond are filed.

The judgment of the trial court is affirmed.