Alva Lee **HAWKINS**; R.E. Shoemate, Individually and as Independent Executor of the Estate of Mary Delena Shoemate; R.O. Shoemate; Bill Stevens and John C. Stevens, Appellants,

v.

**TWIN MONTANA, INC.**; Talus, Inc., Ludmila Elliott Robson, Lloyd S. Elliott, Benjamin J. Sims; Alta Driver Shahan; Ollie Driver Shahan, Ruth Driver Brown, et vir, Glenn Brown, Ruby Driver Brooks, et vir, Travis Brooks; Ethel Mae Clay, Administratrix of the Estate of Rena J. Glasscock; Dover Investment Co.; John Foster Kane; Henry Foster Kane; and Dora Marie Null Jesse, Appellees.

No. 2–88–240–CV.

Court of Appeals of Texas, Fort Worth.

May 29, 1991.

William G. Thompson, Thompson & Cook, P.C. Breckenridge, for appellants.

David W. Knight, Gossom, Cotton & Knight, Wichita Falls, for appellees.

Before WEAVER, C.J., and SPURLOCK and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

On the Court's own motion, we hereby withdraw our opinion and judgment dated September 26, 1990, and substitute the following, to correct typographical and organizational errors in the opinion.

This is an appeal from two interlocutory orders which ordered appointment of a receiver and named a receiver of appellants' executory rights in an oil and gas lease. Appellants have perfected this appeal.

We affirm.

Appellant R.E. Shoemate is independent executor of the estate of Mary D. Shoemate. Appellants own the surface, the right to execute oil and gas leases and the right to receive all bonus and delay rentals for all the Charles E.F. Auburg Survey in Young County; except appellants own only 87.5% of such interest in the southwest 40 acres. Appellees own the nonexecutive mineral interest in the tract.[1] Appellees petitioned the trial court to appoint a receiver to execute an oil and gas lease.

■ In their first point of error, appellants contend the trial court erred in granting appellees' application for an appointment of a receiver because appellees did not file a bond as required by TEX.R. CIV.P. 695a. The record does not reflect that appellants raised this issue in a motion to vacate. "We believe that it would only be in instances where such a motion were made and overruled, with timely appeal therefrom taken, that an appellate court would have jurisdiction to examine into the question of propriety of the order refusing to vacate." *King Land and Cattle Co. v. Fikes,* 414 S.W.2d 521, 524 (Tex.Civ.App.— Fort Worth 1967, writ ref'd n.r.e.). Appellants may not raise this issue for the first time on appeal. However, even if this court had jurisdiction to reverse and remand the trial court's order appointing the receiver, we do not think appellants would be entitled to this remedy. We find the ruling and logic of *Payne v. Snyder,* 661 S.W.2d 134 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.) compelling. There the court ruled:

It is provided that no receiver shall be appointed until the party applying therefor has filed a good and sufficient bond, Rule 695a, Texas Rules of Civil Procedure, and that before a receiver enters into his duty, he shall file an oath and a receiver's bond. Tex.Rev.Civ.Stat.Ann. art. 2296 (Vernon 1971). Although the failure to comply with the statutes and rules controlling the appointment of a receiver may be rectified in an appeal for

1. Appellants dispute that appellees proved ownership. See our discussion of the fifth point of

error.

that purpose, *Continental Homes v. Hilltown Property Owners*, 529 S.W.2d 293, 295 (Tex.Civ.App.—Fort Worth 1975, no writ); *Rogers v. Boykin*, 286 S.W.2d 440, 443 (Tex.Civ.App.—Eastland 1956, no writ), neither the rule nor the statute cited provides that an appointment made in violation of its inhibition shall be void. Rather, because the appointment of a receiver in a proceeding ancillary to the main suit is within the court's jurisdiction, *Spence v. State Nat. Bank*, 5 S.W.2d 754, 755 (Tex.Comm'n App.1928), and power, *Hunt v. State*, 48 S.W.2d 466, 469 (Tex.Civ.App.—Austin 1932, no writ), such an appointment is merely voidable. *James v. Roberts Telephone & Electric Co.*, 206 S.W. 933, 934 (Tex.Comm'n App.1918, judgmt adopted); *Rogers v. Boykin, supra.*

Additional to the lack of Snyder's application bonds and Wilson's and Cavazos' oaths and bonds just mentioned, there is record evidence that Payne had notice of the appointments of Wilson and Cavazos as temporary receivers. Payne conceded that neither he nor, as far as he knew, his attorney filed any objection to, or moved the court for the vacation of, the appointments.

*Id.* at 140–41; *see also Rogers v. Boykin*, 286 S.W.2d 440, 442–43 (Tex.Civ.App.—Eastland 1956, no writ).

We find the facts here to be, in substance, the same as *Payne*. Appellants were well aware of the action taken by the court, but stood mute until this appeal. From *Payne*, we find that appellants are not entitled to have the order of the trial court set aside.

Appellants' first point of error is overruled.

■ In their second, third, and fourth points of error, appellants contend the trial court erred in appointing a receiver because: (2) the right to an equity receivership does not exist as an independent proceeding; (3) appellees' pleadings did not negate solvency and the existence of other adequate remedy; (4) the court granted *pendente lite* all relief requested by appellees. Appellants contend the receivership

is not a statutory receivership under TEX. CIV.PRAC. & REM.CODE ANN. § 64.001(a)(1)–(5) (Vernon 1986). Therefore, appellants argue, the receivership is an equity receivership under TEX.CIV. PRAC. & REM.CODE ANN. § 64.001(a)(6) (Vernon 1986). For an equity receivership, appellees would need to plead and prove appellants are insolvent. *Gilmer v. Ferguson*, 148 S.W.2d 984, 987 (Tex.Civ.App.—El Paso 1941, no writ). Section 64.001(a)(3) provides the court may appoint a receiver in an action between parties jointly interested in any property. At oral argument, appellants argued that they and the appellees were not "jointly" interested in property because appellants own the surface and appellees own a royalty interest. We do not agree.

Appellants and appellees have different interests, but they have interests in the same land. *See Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 572 (Tex.1981). Appellees did not need to allege appellants were insolvent to justify a receivership under TEX.CIV.PRAC. & REM.CODE ANN. § 64.001(a)(3). *Hunt v. State*, 48 S.W.2d 466, 469 (Tex.Civ.App.—Austin 1932, no writ).

■ The trial court may appoint a receiver to prevent drainage of oil pending determination of suit. *Chancellor v. Guerra*, 85 S.W.2d 663, 664 (Tex.Civ.App.—San Antonio 1935, no writ); *Hunt*, 48 S.W.2d at 469. Whether or not to grant a receivership is within the discretion of the trial court. *Hunt*, 48 S.W.2d at 469. Appellants contend the trial court abused its discretion because the sole purpose of the instant suit is to have a receiver appointed. Appellants cite *Staggs v. Pena*, 133 S.W.2d 212 (Tex.Civ.App.—San Antonio 1939, no writ) to support this proposition. In *Staggs*, the court held a receivership was unauthorized because the "action was one solely for the appointment of a receiver wholly disassociated from any action for permanent or ultimate relief" and "no other relief was sought or granted." *Id.* at 214. In the instant case, appellees sought permanent and ultimate relief in the form of "declaratory judgment declaring the

rights of the parties as between executives and nonexecutives." Appellants' second, third, and fourth points of error are overruled.

In their fifth point of error, appellants contend the trial court erred in appointing a receiver because appellees failed to prove they were owners of the royalty interest. Even if appellants could raise this issue for the first time on appeal, it is without merit. Appellants' own plea in abatement argues appellees are royalty owners and includes a list of all royalty owners. Also, appellees introduced the same list with the sworn affidavit of Floyd Joyer, an employee of Twin Montana. Appellants' fifth point of error is overruled.

■ In their sixth and seventh points of error, appellants contend the trial court erred in appointing a receiver because (6) there is insufficient evidence to support such a harsh remedy and (7) appellees failed to plead and prove any offset wells would be sufficiently productive to make a profit for the lessee. As noted earlier, the trial court may appoint a receiver to prevent drainage and whether to appoint a receiver is in the discretion of the trial court.

■ On appeal, appellants contend the trial court should have required appellees to plead and prove an offset well would be profitable. A lessor must establish that an offset well would be profitable in order to establish the lessee has a duty to drill an offset well. *Amoco Production Co. v. Alexander*, 622 S.W.2d 563, 568 (Tex.1981). However, there is no reason to engraft this requirement until a determination is made of whether to grant a receivership. The trial court is not required to presume any future lessee will improperly drill or fail to drill on the tract. The trial court did not abuse its discretion in deciding to cross that bridge when and if the problem develops. Appellants' sixth and seventh points of error are overruled.

In their eighth and ninth points of error, appellants contend the trial court erred in (8) overruling appellants' motion to dismiss the receivership proceedings and (9) appointing a receiver after appellants executed an oil and gas lease on the tract. Motion to dismiss the receivership proceedings is not within the scope of TEX.CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.1990) which governs an appeal from interlocutory orders.

After appellees filed suit, but before the trial court appointed a receiver, appellants executed an oil and gas lease on the tract with L.F. Jones Company. Appellees contended appellants breached their fiduciary duty to appellees by executing the Jones lease after refusing a better lease offered by Twin Montana. The terms of the lease are as follows:

| | Jones lease | Twin Montana lease |
| --- | --- | --- |
| Primary term | 2 years | 1 year |
| Royalty | 1/8 | 1/4 |
| Bonus | $100 per acre | $100 per acre |
| Surface damage | $3000 for first well | $500 per well |
| | $1000 per additional well | |

The trial court found that the Jones lease failed to adequately protect appellees and appellants breached their fiduciary duty by entering into such lease.

■ The Texas Supreme Court has held that a fiduciary relationship exists between the owner of the executive right and the royalty owner. *Manges v. Guerra*, 673 S.W.2d 180, 183 (Tex.1984). Further, the executive owner owes a duty of utmost good faith to the royalty owner. *Id.* Appellants argue that courts and commentators have criticized the *Manges* decision. We do not need to consider this controversy because the action of the trial court was justified by the imposition of a duty of good faith. *See* Note, *Manges v. Guerra: The Executive Right Holder Undergoes Close Scrutiny*, 38 BAYLOR L.REV. 189,

**446**

194 (1986) (imposition of strict standard of utmost good faith not required under the facts of *Manges* or other cases concerning the executive owner's duty). Appellants do not have a duty to sacrifice their desire to protect the surface of the land, and they would be entitled to negotiate the best surface protection possible as long as they maintained good faith in their consideration of the royalty owners. The Jones lease contains a more generous payment for surface damage, but we cannot say the trial court erred in holding appellants were not acting in good faith when they accepted a one-eighth royalty instead of a one-fourth royalty.

■ Appellants also argue that they satisfied their fiduciary duty by executing a lease with a one-eighth royalty because the deed which established them as executive owners provides that any lease executed by them "shall always provide for a royalty of *at least* ⅛." [Emphasis added.] In other words, appellants contend their duty of good faith is satisfied when they negotiate the minimum royalty allowed by their contract. Circumstances may require more than the minimum provided, to be acting in good faith. Appellants' eighth and ninth points of error are overruled.

■ In their tenth and eleventh points of error, appellants contend the trial court erred in appointing a receiver because (10) Mildred Stevens, James Stevens, Jr., and Jason Stevens were not given notice and (11) the receivership was not effective to cover all the mineral executive rights in the tract. Mildred Stevens, James Stevens, Jr., and Jason Stevens are owners of a portion of the executive right to the tract, but they were not served with process. They are not parties in this appeal. Ordinarily, a defendant may not object to the failure to serve a co-defendant. *Kinkead v. Clark*, 239 S.W. 717, 720 (Tex.Civ. App.—Amarillo 1922, no writ). Absence of notice makes the appointment voidable but not void. *Helton v. Kimbell*, 621 S.W.2d 675, 678 (Tex.App.—Fort Worth 1981, no writ). Appellants have not cited any authority which indicates they may complain of failure to serve another party. We do not consider whether Mildred, James, and Jason Stevens may contest the appointment of a receiver. *See Gray v. PHI Resources, Ltd.*, 710 S.W.2d 566 (Tex.1986).

Appellants have not cited any authority related to their eleventh point of error. We are not aware of any authority that the trial court would abuse its discretion by appointing a receiver without the owners of 100% of the executive rights being before the court. Appellants' tenth and eleventh points of error are overruled.

■ In their twelfth point of error, appellants contend the trial court erred in refusing to hear appellants' motion to fix supersedeas bond until after the court had directed the receiver to make a lease. Appellants have not explained how they were harmed by this action of the trial court. Appellants correctly argue that supersedeas is a matter of absolute right. *Houtchens v. Mercer*, 119 Tex. 431, 438, 29 S.W.2d 1031, 1033 (1930). However, the court fixed the amount of the supersedeas bond at $16,000. After filing a proper supersedeas bond, an appellant is entitled to demand restoration to the status quo as it existed before a receiver was appointed. *People's Cemetery Ass'n v. Oakland Cemetery Co.*, 24 Tex.Civ.App. 668, 60 S.W. 679, 680 (1901). Appellants have not cited any authority which indicates the trial court abused its discretion based on exactly *when* the trial court fixed the amount of the bond. *See generally*, 4 TEX.JUR.3d *Appellate Review* § 280 (1980). Appellants' twelfth point of error is overruled.

Judgment of the trial court is affirmed. This court's temporary order of January 4, 1989, restraining the trial court from taking any further action with respect to the property in receivership is dissolved.