**AFFIRMED and Opinion Filed September 11, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01227-CV**

**JOSE ESTRADA, INDIVIDUALLY, AND AS A MEMBER OF JBL
UNLIMITED, LLC, Appellant
V.
BENNY JAFARI, Appellee**

**On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-03201-2018**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Carlyle

Jose Estrada appeals from the trial court's order appointing a receiver to sell

certain property belonging to JBL Unlimited, LLC. We affirm in this memorandum

opinion. *See* TEX. R. APP. P. 47.4.

Mr. Estrada and Benny Jafari have equal membership interests in JBL and are

its sole members. JBL owns real estate that includes two warehouses it leases to

tenants. One of those tenants is Flash Burn Welding & Fabrication, LLC—an entity

owned by Mr. Estrada's adult sons.

Mr. Jafari filed this lawsuit derivatively on behalf of JBL, alleging that Mr. Estrada breached his fiduciary duties by allowing Flash and his adult sons to use JBL's property without paying fair-market value. The case went to trial, and the parties agree that the jury found Mr. Estrada breached his fiduciary duties, although Mr. Estrada contends the jury also found in his favor with respect to certain affirmative defenses. In any event, the record on appeal does not include the jury's verdict or any resulting judgment disposing of Mr. Jafari's claims.

After the trial, Mr. Jafari filed a motion to appoint a receiver, alleging that he and Mr. Estrada were deadlocked on what JBL should do with the warehouse occupied by Flash. Mr. Jafari wanted to sell the warehouse, but he alleged that Mr. Estrada was blocking the sale so Flash could continue occupying the warehouse at below-market rent.

At the hearing on the motion, Mr. Jafari asked the trial court to take judicial notice of all evidence presented at the trial. And after confirming Mr. Estrada had no objection, the trial court took "judicial notice of all the prior testimony and evidence in this case." At the end of the hearing, the trial court announced it would appoint a receiver to determine the fair market value of Flash's tenancy. If Mr. Estrada, Mr. Jafari, and Flash could not agree to have Flash pay that amount, then any party could request a sale and the receiver would be authorized to list and sell the property.

In its order, the trial court appointed Grady R. Thompson as a receiver "to protect, control, manage, lease and/or sell all or any portion of" the property on

which the warehouse at issue is located. The trial court also authorized him "to manage, control, and dispose of the Property as he sees fit in his sole discretion," subject to the order's other terms.

Mr. Estrada challenges the receivership order on a number of grounds. He complains that the trial court did not identify the legal and factual basis for its decision to appoint a receiver, noting that the court neither cited any statutory authority for its decision nor made findings on the necessary elements for appointing a receiver under the business organizations code. *See* TEX. BUS. ORGS. CODE §§ 11.403–.405. But because he did not request that the court issue findings of fact and conclusions of law, we must infer the trial court made all findings and conclusions necessary to support its order. *See Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas 2008, no pet.); *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).

Mr. Estrada also argues there is no evidence establishing the statutory requirements for appointing a receiver, noting that Mr. Jafari failed to attach any evidence to his motion or introduce any evidence at the hearing. At the hearing, however, the trial court took judicial notice of all testimony and evidence introduced at the trial. And because Mr. Estrada did not provide us with a reporter's record from the trial, we must presume the evidence admitted at trial sufficiently supports the trial court's ruling. *See id.*; *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002).

Mr. Estrada nevertheless contends the evidence introduced at trial cannot support the trial court's receivership decision because a trial court cannot judicially notice evidence from prior proceedings without violating due process. But Mr. Estrada did not preserve that issue through a timely objection or motion in the trial court. *See* TEX. R. APP. P. 33.1; *C.G. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-22-00019-CV, 2022 WL 2069128, at *4 (Tex. App.—Austin ("[A] party must object to the trial court's taking of judicial notice or any error in the procedure is waived."); *see also McIntyre v. Wilson*, 50 S.W.3d 674, 688 (Tex. App.—Dallas 2001, pet. denied) ("As a rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal."). Not only did Mr. Estrada fail to object to the trial court taking judicial notice of the evidence admitted at trial, he specifically confirmed he had no objection. Mr. Estrada cannot complain for the first time on appeal that judicial notice was improper.

Mr. Estrada likewise failed to preserve his challenges based on civil procedure rule 695a and civil practices and remedies code section 64.002(a). *See* TEX. R. APP. P. 33.1; *Hawkins v. Twin Montana, Inc.*, 810 S.W.2d 441, 444 (Tex. App.—Fort Worth 1991, no writ); *see also Davis v. Davis*, No. 05-95-01813-CV, 1996 WL 200935, at *3 (Tex. App.—Dallas Apr. 17, 1996, no writ) (not designated for publication) (appellant may not raise issue of applicant's bond for first time on appeal).

Because Mr. Estrada has not provided an adequate record by which we can determine the merits of his preserved issues, we presume the evidence sufficiently supports the trial court's implied findings and affirm the trial court's order.


221227f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JOSE ESTRADA, INDIVIDUALLY, AND AS A MEMBER OF JBL UNLIMITED, LLC, Appellant

No. 05-22-01227-CV          V.

BENNY JAFARI, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas Trial Court Cause No. 429-03201-2018.
Opinion delivered by Justice Carlyle. Justices Smith and Kennedy participating.

In accordance with this Court's opinion of this date, the trial court's order appointing a receiver is **AFFIRMED**.

It is **ORDERED** that appellee Benny Jafari recover his costs of this appeal from appellant Jose Estrada.

Judgment entered this 11th day of September, 2023.